# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 537 | **DATE** | February 27, 2008 |
| **CASE TITLE** | Develle Remond Spencer # 2006-0097519, (a.k.a. Eric Hodges, a.k.a. Philip Owens) v. Burnette | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file in forma pauperis is granted.[3] The complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim, terminating case. Any other pending motions are denied as moot. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payments to the clerk of court as stated herein. A copy of this order shall be sent to the trust fund officer at Cook County Jail. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]         Docketing to mail notices.

## STATEMENT

    The court finds that plaintiff Develle Remond Spencer, a detainee confined at the Cook County Jail, is unable to prepay the filing fee. The court grants plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $ 10.09 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where plaintiff is confined is directed to collect monthly payments from plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Fiscal Dept., and shall clearly identify plaintiff's name and the case number assigned to this action.

    Under 28 U.S.C. § 1915A, the court is directed to review as soon as practicable after docketing a complaint in a civil action in which a prisoner seeks redress from a governmental entity and shall dismiss if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

(continued)

| | Courtroom Deputy Initials: | ste |
|---|---|---|

**STATEMENT**

    Plaintiff alleges that his public defender did not fairly represent him in his state criminal case because his attorney did not provide an exhaustive list of witnesses to call in his defense. He has sued the director of the public defender's office as well as the assistant public defender assigned to his case.

    An individual is liable under 42 U.S.C. § 1983 if, while acting under color of state law, he or she deprives the plaintiff of a right under the United States Constitution. *Supreme Video, Inc. v. Schauz*, 15 F.3d 1435, 1438 (7th Cir.1994). In any action under § 1983, the alleged violator of the plaintiff's constitutional rights must have acted under color of state law. *See Monroe v. Pape*, 365 U.S. 167, 183-87 (1961). Plaintiff cannot sue the public defender because a public defender represents the defendant, not the state, and thus does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (although public defenders are paid by the state, they are not "state actors" when acting in their role as counsel); *see also Cornes v. Minoz*, 724 F. 2d 61 (7th Cir. 1983) (dismissing claim that a public defender was guilty of malpractice based on the failure to allege any action taken "under color of state law"). Accordingly, neither of the named defendants acted under color of state law so the plaintiff cannot maintain a suit under § 1983 against them. *See e.g., Bowman v. City of Franklin,* 980 F. 2d 1104, 1107 (7th Cir. 1992).

    This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If he wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P. If he does so, he will be liable for the $455 appellate filing fee. Unless he is granted leave to proceed *in forma pauperis*, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If this court finds that appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to proceed *in forma pauperis* and pay the fee in installments, but will have to pay the fee immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3).